## THE STATE, EX REL. WOODWARD, ADM'R, *v.* SORRELS ET AL.

CONSTABLE.—*Action on Bond.—Failure to Sell.—Defence.—Pleading.*—In an action on a constable's bond, on the relation of an execution plaintiff, for the failure of the constable to sell personal property on which he had levied the execution, the defendant answered, admitting the levy alleged, and averring that he had advertised and offered the same for sale, but that, the sheriff of the county claiming the same under an older execution, he had, by direction of the execution plaintiff, delivered the property to the sheriff.

*Held,* on demurrer, that the answer is sufficient.

SAME.—*Evidence.*—The bond in such action should be given in evidence, to entitle the plaintiff to recover.

BILL OF EXCEPTIONS.—*Time of filing.—Supreme Court.*—Where a bill of exceptions is filed at a time beyond the period given for its filing, it forms no part of the record.

From the Warren Circuit Court.

*J. W. Sutton* and *H. H. Billings*, for appellant.

*J. M. Rabb*, for appellees.

NIBLACK, C. J.—This was a suit by the State, on the relation of Josiah C. Woodward, as administrator of the estate of Eli Woodward, deceased, against Harmon Sorrels as principal, and Ephraim H. Woodward and Lewis K. Helvie as sureties, on a constable's bond.

The complaint averred the recovery of a judgment by the deceased, before a justice of the peace, against David J. Jackson and William Darnell, the issuance of an execution on said judgment, the placing of the execution in the hands of Sorrels as the proper constable, the levy by him on sufficient property of Jackson to satisfy said execution, his failure to sell said property on the execution, and his negligent loss of the property as a security for the satisfaction of the judgment.

A copy of the bond accompanied the complaint.

The defendants answered:

1.  In general denial;

2.  That the property was levied upon and taken away by the sheriff of the county, on an older execution in his hands against Jackson;

3.  That Sorrels levied on sufficient property of Jackson to satisfy said execution, and advertised and offered said property for sale; but, by reason of the sheriff of the county claiming to hold it on an older execution against Jackson, he, said Sorrels, was unable to sell the same for want of bidders; that thereupon said Sorrels, with the consent of, and under instructions from, the plaintiff in said execution, abandoned his levy on said property.

Demurrers were overruled to the second and third paragraphs of the answer, and a reply in denial was filed to those paragraphs.

The cause was tried by the court, and there was a finding and judgment for the defendants.

The overruling of the demurrer to the third paragraph of the answer is assigned for error, but no objection is pointed out to that paragraph in the appellant's brief, and we see none to it.

The overruling of the appellant's motion for a new trial is also assigned for error.

Judgment appears to have been rendered in this cause on the 23d day of January, 1877, and sixty days time given to the appellant in which to prepare and file a bill of exceptions.

The bill of exceptions copied into the record, purporting to contain the evidence in the cause, was not filed until the 21st day of April, 1877, more than sixty days after the rendition of the judgment. The evidence is, therefore, not properly in the record, and can not be considered by us here. Hence the question of the weight of the evidence, the only question raised by the motion for a new trial, is not before us.

If the evidence were properly in the record, the result here would be the same, as the constable's bond sued on seems not to have been introduced in evidence.

The judgment is affirmed, at the costs of the estate of the said Eli Woodward, deceased.